UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH BAKER,<br><br>            Petitioner,<br><br>     v.<br><br>MICHELLE R. RICCI,<br><br>            Respondents. | **Hon. Joel A. Pisano**<br><br>Civil No. 09-3710 (JAP)<br><br>**MEMORANDUM OPINION** |

It appearing that:

1. On July 20, 2009, Ralph Baker, a state-sentenced inmate incarcerated at New Jersey State Prison, executed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Clerk received it on July 22, 2009, together with voluminous exhibits. The Petition challenges a judgment of conviction filed on November 10, 2005, in the Superior Court of New Jersey, Middlesex County, imposing a life term of imprisonment based on the jury's April 12, 2005, verdict finding Petitioner guilty of two counts of first-degree armed robbery, two counts of possession of a weapon for an unlawful purpose, one count of unlawful possession of a weapon, and one count of aggravated assault. The Petition raises the following grounds:

>Ground One: DENIAL OF THE RIGHT TO CONFRONT WITNESS.

>Ground Two: DENIAL OF COUNSEL ON DIRECT APPEAL, AND DENIAL OF COUNSEL ON APPEAL OF REMAND MOTION PER THE APPELLATE COURT OCTOBER 6, 2006 ORDER.

>Ground Three: DENIAL OF ACTUAL INNOCENCE, AFTER DNA IMPLICATED A THIRD PARTY.

> Ground Four: DENIAL OF TRANSCRIPTS, AT TRIAL, DENIAL OF SENTENCING TRANSCRIPT OF AUGUST 5, 2005 (WHERE PETITIONER ASKED THE COURT NOT TO CONTINUE TO VIOLATE HIS CONSTITUTIONAL RIGHT UNDER BLAKELY AND APPRENDI PRECEDENTS ESTABLISHED BY THE SUPREME COURT) TO PREPARE APPEAL, INTERFERENCE WITH THE RIGHT TO DEFEND.
>
> Ground Five: THE STATE WITHHELD VITAL EVIDENCE THAT WOULD HAVE IMPACTED THE JURY VERDICT, THUS SUCH BRADY VIOLATION HAS PREVENTED THE JURY FROM MAKING AN ACCURATE ASSESSMENT OF THE CHARACTER OF PETITIONER, REMOVING ALL MOTIVE TO COMMIT CRIMES.  WHERE THE STATE HAS DELIBERATELY WITHHELD EVIDENCE OF A POTENTIAL CLAIM AND EVEN DENIED THE EXISTENCE OF EVIDENCE OF THE CLAIM, THE INTEREST OF JUSTICE REQUIRES THAT THE STATE BE BARRED FROM OBJECTING TO THE ASSERTION OF THE CLAIM ONCE RELEVANT EVIDENCE COMES TO LIGHT.

(Docket entry #1 at pp. 9-11.)

    2. Petitioner thereafter filed the following motions:  motion on Kyles-Brady violations and denial of right to confront DNA analysts [docket entry #4], motion for appointment of counsel and for DNA re-testing [docket entry #5], and motion for an evidentiary hearing [docket entry #6].

    3. Petitioner asserts that he appealed the conviction and sentence to the Superior Court of New Jersey, Appellate Division.  According to the Petition, on March 17, 2008, and October 16, 2008, the Appellate Division "[d]enied and dismissed, without prejudice and deni[ed] the appointment of counsel on direct appeal and deni[ed] transcripts."  (Docket entry #1 at p. 3, ¶ 9.)  The Petitioner further indicates that the New Jersey Supreme Court denied relief on October 20, 2008, and December 12, 2008.  (Docket entry #1 at p. 4.)

4. Over 179 pages of exhibits are attached to the Petition. Although most of the exhibits are not relevant to this case, this Court has tentatively pieced together the following procedural history from the exhibits. In July 2002, a grand jury sitting in the New Jersey Superior Court, Middlesex County, Law Division, indicted Petitioner on two counts of first-degree armed robbery which occurred on July 10, 2002, one count of aggravated assault, two counts of possession of a weapon for unlawful purposes, and one count of unlawful possession of a weapon. See State v. Baker, Ind. No. 02-10-01239 (N.J. Super. Ct., Law Div., July 2002) [Docket entry #1-3 at p. 43.] On April 12, 2005, a jury found Petitioner guilty as charged. By judgment entered November 10, 2005, Superior Court Judge Bradley J. Ferencz imposed an extended sentence of life imprisonment. [Docket entry #1-3 at pp. 45-46.]

5. Petitioner filed a notice of appeal, which was docketed in No. A-3867-05T4. [Docket entry #1-3 at p. 15] Petitioner thereafter filed a motion to remand the matter to the Law Division. By order filed October 16, 2006, the Appellate Division ordered: "A-3867-05T4 is dismissed without prejudice and remanded to the Law Division for further proceedings based on application to be filed by defendant, if not yet filed, within 30 days of the filing of this order." State v. Baker, Docket No. A-3867-05T4 order (N.J. Super. Ct., App. Div., Oct. 16, 2006) [Docket entry #1-3 at p. 6.]

6. On November 9, 2006, Petitioner filed a motion in the Law Division, Middlesex County, for an order vacating the conviction and ordering a new trial based on developments that occurred after entry of the judgment of conviction. [Docket entry #1-4 at pp. 5-11] On August 22, 2007, Superior Court Judge Barbara C. Stolte denied the motion for an order vacating the conviction and for a new trial. [Docket entry #1-3 at pp. 11-14]

7. Petitioner thereafter filed several motions in the Appellate Division, including a motion to file notice of appeal as within time. [Docket entry #1-3 at p. 9] By order filed March 17, 2008, the Appellate Division denied the motion for leave to appeal as within time and dismissed the appeal "<u>without prejudice</u> to a motion for leave to appeal as within time accompanied by a certification indicating defendant's efforts to seek a timely appeal as to each matter he seeks to appeal." <u>State v. Baker</u>, Docket Nos. A-2457-07T4 & A-2458-07T4 order (N.J. Super. Ct., App. Div., Mar. 17, 2008) [Docket entry #1-3 at pp. 9-10]

8. On October 20, 2008, the New Jersey Supreme Court denied certification and ordered that the appeal filed in the within matter is dismissed pursuant to <u>Rule</u> 2:12-9." [Docket entry #1-3 at pp. 3-4]

9. Neither the Petition itself nor the attached exhibits indicate whether Petitioner was ever granted leave by the Appellate Division to file a notice of appeal out of time.

10. Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

11. "Habeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994). The Habeas Rules require a § 2254 petition to specify the judgment being challenged, specify the federal grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by the petitioner or an authorized person, and to substantially

4

follow the form appended to the rules.  See 28 U.S.C. § 2254 Rule 2(c) & (d); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).[1]

12.  Local Civil Rule 81.2(a) requires a pro se § 2254 petition to be on the current § 2254 form supplied by the Clerk.  See Local Civ. R. 81.2(a); AO 241 (Rev. 10/07) at http://www.njd.uscourts.gov/ProSe/2254.pdf (last accessed Jan. 12. 2009).

13.  Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.[2]  Vague and conclusory allegations

---

[1] Habeas Rule 2 provides:

(c) **Form.**  The petition must:

    (1) specify all the grounds for relief available to the petitioner;

    (2) state the facts supporting each ground;

    (3) state the relief requested;

    (4) be printed, typewritten, or legibly handwritten; and

    (5) be signed under penalty of perjury . . .

(d) **Standard Form.**  The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge.

28 U.S.C. § 2254 Rule 2(c), (d).

[2] See also Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court,' the court must summarily dismiss the petition without ordering a responsive pleading").

5

contained in a petition may be disposed of summarily without further investigation by the district court.  See Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

      14.  In addition, a district court may not grant a writ of habeas corpus to a person in custody pursuant to a state judgment unless the petitioner has exhausted the remedies available in the courts of the State or, in extremely limited circumstances, exhaustion is excused by 28 U.S.C. § 2254(b)(1)(B).  See Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  The Exhaustion Doctrine requires a petitioner challenging custody pursuant to a New Jersey judgment of conviction to fairly present the factual and legal basis of every federal ground to all three levels of the New Jersey courts (the Law Division and the Appellate Division of the Superior Court of New Jersey, and the New Jersey Supreme Court) before raising those grounds in federal court.[3]  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

---

[3] "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Thus, the Supreme Court "held in Rose v. Lundy, 455 U.S. 509 . . . (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims."  Rhines v. Weber, 544 U.S. at 273.  The Supreme Court imposed "a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance."  Rhines, 544 U.S. at 274.

15. The Petition filed by Petitioner is deficient and subject to summary dismissal pursuant to Habeas Rule 4 because the Petition is not on the § 2254 form supplied by the Clerk, as required by Local Civil Rule 81.2(a).

16. The dismissal of the Petition is without prejudice to the filing of an amended § 2254 petition on the § 2254 form provided by the Clerk within 30 days of the date of the entry of this Order.[4]

17. This Court will deny without prejudice Petitioner's motion on Kyles-Brady violations and denial of right to confront DNA analysts [docket entry #4], motion for appointment of counsel and for DNA re-testing [docket entry #5], and motion for an evidentiary hearing [docket entry #6].

18. This Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because jurists of reason would not find it debatable that dismissal of the Petition without prejudice is correct. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[4] The current § 2254 form, which the Clerk will provide to Petitioner, requires petitioners to specify the proceeding in which each ground was presented to all three levels of the state court system. Plaintiff is expressly directed to complete the entire form, including those portions of the form which require the petitioner to show that each ground for relief was exhausted. In addition, if this Court orders Respondents to answer the amended petition, then in accordance with Habeas Rule 5, this Court will order Respondents to provide the record of the state court proceeding, including relevant transcripts. Petitioner is therefore directed not to attach exhibits to the amended petition.

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

    19.  An appropriate Order accompanies this Opinion.


                                                         /s/ Joel A. Pisano
                                                         **JOEL A. PISANO, U.S.D.J.**

Dated: January 15, 2010