UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RALPH BAKER,<br><br>        Petitioner,<br><br>        v.<br><br>MICHELLE R. RICCI, et al.,<br><br>        Respondents. | Civil No. 09-3710 (JAP)<br><br>**MEMORANDUM OPINION** |

IT APPEARING THAT:

1. On July 22, 2009, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction filed on November 10, 2005, in the Superior Court of New Jersey, Middlesex County, Law Division. On February 17, 2010, Petitioner filed an Amended Petition for Writ of Habeas Corpus. (Docket Entry #10.)

2. On April 29, 2010, Respondents filed an Answer and the record. (Docket Entry #18.)

3. On July 13, 2010, Petitioner filed a Reply. (Docket Entry #27.)

4. Before this Court are two motions filed by Petitioner: a motion to reopen this case (docket entry #37), and a motion based on newly discovered evidence, i.e., the calculation of Petitioner's release date on his aggregated state sentences (docket entry #43). For the reasons set forth below, this Court will deny these motions.

Motion to Reopen Case

5. On July 12, 2010, Petitioner filed a motion (Docket Entry #26) for a preliminary injunction, together with a memorandum of law and exhibits (Docket Entry #26-1). In the memorandum of law, Petitioner asked this Court to order Respondent Warden to "transfer Plaintiff, Ralph Baker to the Bureau of Prisons and/or Illinois Department of Corrections, under the control of

the Federal Government, until such time as Petitioner's criminal matters are resolved, and/or his criminal sentence completed under the Inter-State Comp[a]ct Agreement." (Docket Entry #26-1 at pp. 5-6.)

6. By Opinion and Order entered August 24, 2010, this Court denied Plaintiff's motion on the ground that this Court lacks habeas jurisdiction over Petitioner's request for a transfer to a different facility. (Docket Entry Nos. 30, 31.) This Court reasoned that, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and Petitioner's motion for a transfer does not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration, this Court lacked habeas jurisdiction over the motion for injunctive relief. This Court accordingly denied the motion for a transfer for lack of habeas jurisdiction without prejudice to any right Petitioner may have to assert his request for injunctive relief in a properly filed complaint, pursuant to 42 U.S.C. § 1983. Id.

7. On January 28, 2011, Petitioner filed a 186-page motion to reopen this case. (Docket Entry #37.) Petitioner evidently believes that, in denying his motion for a transfer, this Court also denied his § 2254 Petition challenging the November 10, 2005, judgment of conviction in the Superior Court of New Jersey, Middlesex County, Law Division. However, this Court did not close the case and the § 2254 challenge to the Middlesex County conviction remains pending before this Court. This Court will accordingly deny the motion to reopen.

Motion Based on Newly Discovered Evidence

8. On April 15, 2010, Petitioner filed a 95-page motion "on newly discovered evidence of adding 71 years to life sentence, to obstruct justice in habeas corpus adjudication, pursuant to the suspension of the writ by respondents." (Docket Entry #43, p. 2.) Petitioner appears to contend that the New Jersey Department of Corrections inaccurately calculated his aggregate sentence in January 2011 as 71 years to life in order to obstruct the proceeding before this Court.

9. Petitioner's motion for relief based on his contention that the Department of Corrections miscalculated his aggregate sentence will be denied.

10. Habeas Rule 2(e) provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment . . . of each court." 28 U.S.C. § 2254, Rule 2(e). If Petitioner wants to challenge the calculation of his aggregate sentence in this Court, then he must first present his federal claims challenging same to all three levels of the New Jersey courts and then, if unsuccessful, he may file a new § 2254 petition challenging the calculation of his sentence by the Department of Corrections.

11. An appropriate Order accompanies this Memorandum Opinion.

/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**

Dated: April 18, 2011

3