UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RALPH BAKER, | : | Civil No. 09-3710 (JAP) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| MICHELLE R. RICCI, et al., | : | |
| Respondents. | : | |

**PISANO, District Judge**:

      1.  On July 22, 2009, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction filed on November 10, 2005, in the Superior Court of New Jersey, Middlesex County, Law Division.  On February 17, 2010, Petitioner filed an Amended Petition for Writ of Habeas Corpus.  (Docket Entry #10.)

      2.  On April 29, 2010, Respondents filed an Answer and the record.  (Docket Entry #18.).  On July 13, 2010, Petitioner filed a Reply.  (Docket Entry #27.)

      3.  Before this Court are five motions filed by Petitioner:  a motion for issuance of subpoenas (Dkt. 50), motion for DNA and other discovery (Dkt. 54), motion for reconsideration of unspecified motion on misidentification (Dkt. 59), motion for reimbursement of funds (Dkt. 60), and motion for evidentiary hearing (Dkt. 64).   For the reasons set forth below, this Court will deny these motions.

      4.  On August 22, 2011, Petitioner filed a motion (Dkt. 50) for subpoena for presentation at evidentiary hearing, together with a certification.  Petitioner asks this Court to direct the Clerk to issue 25 blank subpoenas so Petitioner will be able to present witnesses to testify before this Court.

5. On September 29, 2011, Petitioner filed a motion for "ORDER FOR DNA AND OTHER DISCOVERY." (Dkt. 54 at 1.) Although five typed pages are attached to the motion, it is not clear exactly what relief Petitioner is seeking from this Court.

6. On November 18, 2011, Petitioner filed a "RECONSIDERATION MOTION, ON JURY INSTRUCTIONS VIOLATION, AS IT RELATES TO MISIDENTIFICATION, AND STATE CONCEDING TO DNA SPECIAL MASTER REPORT ON NATION-WIDE MISIDENTIFICATION." (Dkt. 59.) Attached are several documents including a transcript dated December 4, 2003, in State v. Baker, Ind. No. 02-10-1239 (N.J. Super. Ct., Law Div., Dec. 4, 2003) (43 pages), Report of the Special Master (88 pages) in State v. Henderson, Docket No. A-8-08 report (N.J. Sup. Ct., June 18, 2010).

7. On November 18, 2011, Petitioner filed a "MOTION FOR REIMBURSEMENT OF FUNDS PURSUANT [ ] TO INDIGENC[E] UNDER 28 U.S.C. § 1915 FEDERAL FUNDING FOR INVESTIGATION EXPERT WITNESS ON MISIDENTIFICATION AND ON DNA 18 U.S.C. § 3006a(e)(1)(2000) (SPECIAL MASTER REPORT)." (Dkt. 60.) In his supporting memorandum, Petitioner states that he "has a substantial need for experts in the field of identification and misidentification . . , as the same has affected the Jury Instructions, at the trial level, and as it applies to the DNA factual findings, which have been conceded to by the State." (Dkt. 60-1 at 1.) Petitioner further states that he "seeks financial assistance from the Federal Tribunal." Id. at 3.

8. On December 13, 2011, Petitioner filed a "MOTION FOR EVIDENTIARY HEARING, PURSUANT TO RULE 8 IN LIEU OF MOTION ON MISIDENTIFICATION, STATE CONCEDING TO DNA AND SPECIAL MASTER'S REPORT ON NATION-WIDE

MISIDENTIFICATION AND SPECIAL MASTER REPORT ON CORRUPTION OF FORENSIC LABORATORIES." (Dkt. 64 at 1.)

9. For the most part, the above described submissions are incomprehensible. This Court gleans that most, if not all, of Petitioner's motions are premised on this Court's ordering an evidentiary hearing. However, in Cullen v. Pinholster, 131 S.Ct. 1388 (2011), the Supreme Court held that, where a § 2254 petitioner's claim was adjudicated on the merits in state court proceedings, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Id. at 1398. The Supreme Court emphasized that, because the federal habeas scheme leaves primary responsibility with the state courts, "[i]t would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance . . ." Id. at 1399. Moreover, the Court observed that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." Id. The Court held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Id. at 1400.

10. This Court will deny Petitioner's motion for an evidentiary hearing, as well as his other motions, without prejudice. This Court has not reviewed the pleadings and the state court record or determined that the state court's adjudication of any of Petitioner's claims is contrary to or an unreasonable application of clearly established Supreme Court holdings, or that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented

in the state proceeding.  <u>See</u> 28 U.S.C. § 2254(d).  Since this Court has not found that § 2254(d) has been satisfied, <u>Pinholster</u> prohibits an evidentiary hearing.

    11.  An appropriate Order accompanies this Memorandum Opinion.


                                    /s/ Joel A. Pisano  
                                    **JOEL A. PISANO, U.S.D.J.**

Dated:  <u>March 15</u>, 2012