UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RALPH BAKER, | : | Civil No. 09-3710 (JAP) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| MICHELLE R. RICCI, et al., | : | |
| Respondents. | : | |

**PISANO, District Judge**:

      1.  On July 22, 2009, Petitioner filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction filed on November 10, 2005, in the Superior Court of New Jersey, Middlesex County, Law Division.  On February 17, 2010, Petitioner filed an Amended Petition for Writ of Habeas Corpus.  (Docket Entry #10.)

      2.  On April 29, 2010, Respondents filed an Answer and the record.  (Docket Entry #18.).  On July 13, 2010, Petitioner filed a Reply.  (Docket Entry #27.)

      3.  Before this Court are four more motions filed by Petitioner Baker:  motion for reconsideration (Dkt. 69), motion on racial profiling (Dkt. 70), motion to consolidate this case with Baker v. Ricci, Civ. No. 09-3654 (KM) (D.N.J. filed July 22, 2009) (Dkt. 72), and motion to expand the record and for evidentiary hearing (Dkt. 77.)

A.  Reconsideration Motion

      4.  On April 23, 2012, Baker filed a "RECONSIDERATION MOTION, ON MISIDENTIFICATION AND DNA EXCLUSION CLARIFICATION OF THE COURT'S ORDER REQUEST A GRANT OF THE WRIT OF HABEAS CORPUS ABSENT TRIAL."  Dkt. 69 at 1.)  Baker asserts:

> On March 15, 2012, the Court directed the Petition in the above captioned matter, to re-submit his Motion For reconsideration in lieu of denying the same without prejudice . . . . Petitioner therefore seeks clarification for the order to deny, granting the Court the opportunity, to correct, and why the Court failed to rule on actual innocence issues, and rule on the Respondents Delay of Mail reaching the United States Supreme Court, and denial of the trial transcripts, denial of New Trial Motion Transcripts, and denial of the Federal Court record, so I would have a right to defend, if I were to go back to the Court of first instance (The Trial Court).  I seek a Federal Mandate either granting the writ, and or sending to the Court of First Instance with compliance of the record being turned over to me . . . .The court failed to rule on a change of jurisdiction . . . .  In furtherance thereof, I submitted a copy of the Innocence Project Brief . . . and the Court's Order does not reflect and/or mention the Innocence Project and/or Judge Gibbons Law Firm, acting as amicus curiae, please clarify the Order, and issue such Federal Mandate, so these matter can achieve a sense of finality.
>
> The Court has failed to strike all non parties, strike all Lexis Orders.  Petitioner seek an immediate resolution to these matters by leave of the Court, Petitioner seek an resolution on an accelerated basis.

(Dkt. 69 at 1-2.)

      5. By Order and Opinion filed March 15, 2012, this Court denied Baker's motion for issuance of subpoenas and for depositions (Dkt. 50), denied Baker's motion for DNA and other discovery (Dkt. 54), denied Baker's motion for reconsideration of motion on misidentification (Dkt. 59), denied Baker's motion for reimbursement of funds (Dkt. 60), and denied without prejudice Baker's motion for an evidentiary hearing (Dkt. 64.)  This Court did not direct Baker to re-submit his motion(s), but denied these motions because Baker's voluminous submissions were for the most part incomprehensible.  To the extent that this Court was able to decipher Baker's submissions, it gleaned that they were premised on the granting the motion for an evidentiary hearing.  This Court denied the motion for an evidentiary hearing without prejudice and advised Baker that it would consider whether an evidentiary hearing was warranted at the time it analyzed the grounds raised in the Amended Petition and the issues raised in the Answer.  (Dkt. 67.)

6. As this Court explained in its prior Opinion, this Court may not order an evidentiary hearing unless it first finds either that the New Jersey courts did not adjudicate Baker's federal claims on the merits or, if the claim(s) were adjudicated on the merits, that the standard set forth in 28 U.S.C. § 2254(d)(1) or (d)(2) has been satisfied. See Cullen v. Pinholster, 131 S.Ct. 1388 (2011).

7. This Court advises Petitioner Baker that it is not necessary for him to file additional motions seeking discovery, an evidentiary hearing and other relief.  Baker's voluminous and repetitive motions in this case have diverted this Court's attention and resources from the merits of the grounds in the Amended Petition, and caused unnecessary delay in the resolution of those claims.  It is not helpful or necessary for Baker to make the same arguments again and again.  This Court will determine on its own and without further motions whether an evidentiary hearing is warranted at the time it considers the merits of the grounds raised in the Amended Petition and the legal issues presented in the Answer.  Moreover, if this Court orders an evidentiary hearing, then this Court will also appoint an attorney to represent Baker and that attorney will decide whether or not to seek discovery and/or to expand the record.  See 28 U.S.C. § 2254, Rules 6, 7, 8(c).  Accordingly, this Court will deny Baker's motion for reconsideration.  (Dkt. 69.)

B.  Motion for Discovery, to Expand the Record and for an Evidentiary Hearing

8. On November 28, 2012, Baker filed a motion for discovery, to expand the record and for an evidentiary hearing.  (Dkt. 77.)  For the reasons expressed above, this Court will deny this motion.

C.  Motion on Racial Profiling

9. On May 23, 2012, Baker filed a "Motion On Racial profiling, Selective Enforcement, Vindictive Prosecution, and Prosecutorial Misconduct And Motion To Dismiss Both Indictment,

Dkts. 3710 (JAP3654SDW) IN LIEU OTHER CRIME EVIDENCE BEING ALLOWED IN AFTER ACQUITTAL WAS UNREASONABLE AND CONTRARY TO FEDERAL LAW." (Dkt. 70.) In this motion, Baker argues that "the failure to present this matter to a grand jury in a timely manner . . . warrants the dismissal" (Dkt. 70 at 2); "there was never an ruling whether the other crime evidence would be allowed into the matter, yet the State Court allowed the other crime evidence in any way" (id. at 3); "DNA has in the aftermath, concluded that the Petitioner could not have committed the other crime" (id. at 4); "The State withheld evidence discovered in Petitioner Baker vehicle" (id. at 7); the prosecutor improperly failed "to present Brady material to a grand jury" (id. at 8); "The Assistant prosecutor in this matter before this Federal Court, perjured herself by stating that the Counsel for Petitioner on Richard M. Roberts Esq, of West Caldwell, New Jersey allowed other crime evidence into the Middlesex County, before the Hon. James M. Mulvihil, J.S.C." (id. at 13); "Because the State filed to assign Counsel on direct review in Middlesex County, and the scope of the Suppression in Middlesex County on Racial Profiling, was withdrawn, by Jack Venturi Esq. it deprived the Petitioner of fundamental guarantees established by the United States Constitution" (id. at 15); the Court "should grant both writs of Habeas Corpus . . . , as they rule in conjunction with each other, and rely upon the same evidence, of DNA implicating a third party, and the misidentification of the Petitioner" (id. at 18). In addition, Baker requests various discovery "under the authority of Brady v. Maryland . . . to resolve the issue of selectivity in the Prosecution," including transcripts, personnel records of Police Officer Michael Wittevrongel and Maryanne Cosimano, and their arrest records, in accordance to the number of blacks and hispanics within the immediate area of route twenty two, and the street crime unit analysis of the activity observed and the arrest of blacks and hispanics, within the period of 2002 through 2012." (Id. at 26-28.)

4

10. This Court will deny Baker's motion regarding racial profiling and selective enforcement. A federal habeas court is not permitted to retry the state criminal case. This Court is limited to considering the federal grounds in the Amended Petition. If the New Jersey courts adjudicated a ground on the merits, then this Court may not grant habeas relief unless the New Jersey courts' adjudication of the federal ground resulted in a decision that was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d). Alternatively, if this Court concludes that the New Jersey courts did not adjudicate one or more of Baker's federal grounds in the Amended Petition on the merits, then it may grant habeas relief only if it finds that a ground in the Amended Petition establishes that Baker is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2255(a).

C.  Motion To Consolidate

11. On September 21, 2012, Baker filed a motion to consolidate this case with a habeas corpus petition challenging a Union County theft conviction, which is pending before Judge McNulty in Baker v. Ricci, Civ. No. 09-3654 (KM) (D.N.J. filed Sept. 22, 2009). Baker filed the identical motion in the proceeding before Judge McNulty.

12. Under the local rules, a motion to consolidate "shall be filed in the case bearing the earliest docket number [and] shall be adjudicated by the Judge to whom that case is assigned." Local Civ. R. 42.1. The Rule further provides that a copy of the moving papers must be served upon all parties in each case to which the consolidation motion applies. Id.

13. Here, the case before Judge McNulty bears a docket number earlier than the docket number in this case. Accordingly, in accordance with Local Civil Rule 42.1, this Court will deny

Baker's motion to consolidate without prejudice to a ruling on the merits of the motion by Judge McNulty.

    14.  An appropriate Order accompanies this Memorandum Opinion.


                                       /s/ Joel A. Pisano
                                  **JOEL A. PISANO, U.S.D.J.**

Dated:  November 28 , 2012