**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RALPH BAKER,

              Petitioner,

    v.

MICHELLE RICCI, et al.,

              Respondents.

Civil No. 09-3654 (KM)

Civil No. 09-3710 (JAP)

**OPINION**

**APPEARANCES**:

    RALPH BAKER, #370094A
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner *Pro Se*

    MEREDITH L. BALO, Assistant Prosecutor
    UNION COUNTY PROSECUTOR
    32 Rahway Avenue
    Elizabeth, New Jersey 07202
    Attorneys for Respondents in Civ. No. 09-3654 (KM)

    NANCY A. HULETT, Assistant Prosecutor
    MIDDLESEX COUNTY PROSECUTOR
    25 Kirkpatrick Street, 3d Floor
    New Brunswick, New Jersey   08901
    Attorneys for Respondents in Civ. No. 09-3710 (JAP)

**McNULTY, District Judge**:

    Ralph Baker filed two § 2254 habeas corpus petitions which are pending in this Court

before two different judges.   The first, assigned to me, challenges a judgment of conviction

entered in the Superior Court of New Jersey, Union County, on June 18, 2004, and amended July

16, 2004, after a jury found him guilty of theft and third-degree unlawful possession of a weapon.

*Baker v. Ricci*, Civ. No. 09-3654 (KM) (D.N.J., filed July 22, 2009).   The second, assigned to

Judge Pisano, challenges a judgment of conviction filed on November 10, 2005, in the Superior

Court of New Jersey, Middlesex County, Law Division. *Baker v. Ricci*, Civ. No. 09-3710 (JAP)

(D.N.J., filed July 22, 2009).   In each case, the State has filed an Answer and Baker has filed a

Reply.   Presently before this Court is Baker's motion to change of jurisdiction or venue, and to

consolidate the cases.   For the reasons expressed below, I will deny the motion seeking to change

jurisdiction or venue but grant the motion to consolidate the two actions.[1]

## I.  BACKGROUND

This pair of § 2254 petitions stems from a series of robberies of gas stations and fast food

restaurants that occurred in three New Jersey counties during July 2002.   In each robbery, the

perpetrator was described as a black man with a black bag and a gun.   *See Baker v. Wittevrongel*,

363 Fed. App'x 146, 147 (3d Cir. 2010).[2]

A.  The Three Robberies

The first robbery occurred on July 1, 2002, when a black male, who was not wearing a ski

mask, but was wielding a semi-automatic handgun and carrying a black bag, robbed the Race Mart

convenience store on Route 22 East in Green Brook, Somerset County.[3]

---

[1]      Baker's papers are lengthy and at times incomprehensible. I believe that "change of jurisdiction" and "venue" may actually refer only to his motion to consolidate the two cases. Nevertheless, for clarity in the record, I deny the jurisdiction and venue motions.

[2]      The cited appeal involved Baker's civil suit under 42 U.S.C. § 1983 against several police officers and prosecutors in Union County, Middlesex County, and Somerset County. It was dismissed under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994) (prisoner's section 1983 action based on alleged invalidity of conviction and sentence cannot be brought unless and until the conviction and sentence are reversed or otherwise invalidated). Certain related state-law causes of action were dismissed on statute of limitations grounds. 363 Fed. App'x at 149-51.

[3]      The Somerset County charges relating to this robbery were dismissed on April 3, 2008. *See infra.*

The second robbery, which is the subject of Civil No. 09-3710 (JAP), occurred on July 10, 2002, when a black male, who was not wearing a ski mask, but was carrying a gun and black bag, robbed an employee of the Edison Burger King in Middlesex County.   *See Baker v. Ricci*, Civ. No. 09-3710 (JAP), ECF Nos. 1-2, pp. 11 to 14 and 18-9.

The third robbery, which is the subject of Civil No. 09-3654 (KM), occurred on July 16, 2002, when a black man, who *was* wearing a black ski mask, wielding a gun, and carrying a black bag, robbed an Amoco gas station on Route 22 in Union County.   On that date, Union Police Officer Michael Wittevrongel pulled over and arrested Ralph Baker in a nearby parking lot. Searching the area, Wittevrongel found a black ski mask, and a black bag containing a gun behind a small building near the Amoco station.

B.   Trial Court Proceedings as to the Three Robberies

Although the Union County robbery occurred last, the Union County trial occurred first. Wittevrongel testified. The ski mask, black bag and gun were admitted in evidence.   The jury acquitted Baker of armed robbery, but found him guilty of theft.   The Union County Judge imposed a 17-year term of imprisonment[4] on June 18, 2004, and an amended judgment was entered on July 16, 2004.   That judgment is challenged in Civ. No. 09-3654 (KM) (D.N.J. filed July 22, 2009).

Next, in April 2005, Middlesex County tried Baker for the Edison Burger King robbery. In addition to direct evidence of the Burger King robbery, the court admitted evidence related to the Union County robbery. Wittevrongel again testified, and the ski mask, black bag, and gun found near the Amoco station in Union County were again admitted in evidence.   On April 12, 2005, a

---

[4]        That term of imprisonment was reduced to 7½ years as a result of the reversal on appeal of a firearms count. *See infra.*

jury found Baker guilty of two counts of first-degree armed robbery, two counts of possession of a weapon for an unlawful purpose, and one count of unlawful possession of a weapon.   On November 10, 2005, Middlesex County Judge Bradley Ferencz imposed a life sentence.   This is the judgment challenged in Civil No. 09-3710 (JAP).

The Somerset County case was to be tried last.   Although the Somerset County judge ruled that the ski mask, black bag and gun found near the Union County Amoco station were admissible, the judge also granted Baker's motion to have the ski mask tested for DNA.   On December 28, 2005 (after Baker was sentenced in Union County and Middlesex County), the Somerset County prosecutor submitted the black ski mask to the New Jersey State Police Central Regional Laboratory for DNA testing.   *See* Civ. No. 09-3654 (KM), ECF No. 22-8 at 4.   In March 2006, the New Jersey State Police laboratory notified Somerset County police of the results. The DNA extracted from the ski mask matched the DNA of a suspect (not Baker) who had been arrested in April 2003 in Hudson County for an armed robbery in Jersey City. The perpetrator of that Hudson County robbery wore a black face mask, which was recovered at the scene by Jersey City police.   *Id*. at p. 8.   The Somerset prosecutor stipulated that DNA from the Union County ski mask matched that of the Hudson County suspect, but seemingly did not agree that these DNA results necessarily ruled out Baker.   *Id*. at 22-10 at 8-10.   At any rate, on April 3, 2008, the Somerset County charges were dismissed.   *Id*. at 11.

C.   Baker's Direct Appeals

Baker appealed from both the Union and Middlesex county judgments. Those appeals were pending at the time the DNA evidence came to light. Baker filed motions in both pending appeals

4

seeking an order remanding each matter to the Law Division so that he could file a motion for a new trial based on newly discovered evidence.

On October 16, 2006, Appellate Division Judge Edwin H. Stern remanded the Union County case in part, but allowed the direct appeal to proceed as to the issues raised in Baker's previously filed brief.   *See* Civ. No. 09-3654 (KM) at Dkt. 18-7.   On February 21, 2007, the Appellate Division rejected the issues Baker had raised in his direct appeal regarding the Union County theft conviction, but reversed the separate judgment for possession of a firearm.   *See State v. Baker*, Docket No. A-3855-04T4 slip op. (N.J. Super. Ct., App. Div., Feb. 21, 2007) (Dkt. 18-9); *see also* ECF No. 27-1 (Union County's subsequent dismissal of the reversed firearm charge). On October 20, 2008, the New Jersey Supreme Court denied certification.   *See State v. Baker*, 196 N.J. 592 (2008) (table).

As to the Middlesex County appeal, Judge Stern granted a complete, not partial, remand. He dismissed without prejudice the direct appeal of the Middlesex County judgment and life sentence, and remanded the entire case to the Law Division, so that Baker could move for a new trial based on the newly discovered DNA evidence.   Civ. No. 09-3710 (JAP), ECF No. 1-2 at 7.

D. Baker's Motions For A New Trial Based On Newly Discovered Evidence

Baker filed his motions for a new trial in Middlesex County and Union County based on newly discovered evidence consisting of (1) the match of the DNA from the ski mask with the DNA of a third party awaiting trial in Hudson County for a robbery and (2) a Union police teletype concerning a second robbery of the Amoco gas station in Union County.[5]   Without conducing an

---

[5]   The teletype, dated July 2, 2002 (two weeks before the charged Amoco robbery) reported that the same gas station was robbed by a person who did not match Baker's physical description, driving a white car that has not been associated with Baker. This may be significant because the attendant, who was present at both robberies, made a statement that they were committed by the

evidentiary hearing, Union County Judge Stuart Peim denied Baker's motion for a new trial from

the bench.   The record does not include the transcript, but Judge Peim filed a written order

denying the motion (without reasons) on September 17, 2007.[6]   *See* Civ. No. 09-3654 (KM) at

Dkt. 27-2.

On August 22, 2007, in a written opinion, Middlesex County Judge Stolte denied Baker's

motion for a new trial on the ground that the new evidence would not have altered the jury's

verdict.[7]

---

same person. The attendant allegedly has left the country. In addition, the July 2 robber reportedly used a black handgun and took 13 packs of cigarettes. The black bag recovered by Officer Wittevrongel on July 16, after the later robbery, contained a handgun and 13 packs of cigarettes. These circumstances suggest at least a possibility that the bag might not have been dropped after the July 16 robbery, but may rather have lain there undiscovered since July 2.

[6]   In response to Judge Wigenton's order requiring a supplemental answer, the Union County prosecutor stated that the court reporter was unable to locate the record of this proceeding. *See* Civ. No. 09-3654 (KM), ECF No. 26 at 6. The missing transcript may or may not have contained Judge Peim's reasons for denying the motion.

[7] Specifically, Judge Stolte found:

> The first prong is whether the evidence is material and not merely cumulative . . . .
> During the trial, the State was permitted to introduce evidence of what the
> defendant had in his possession on July 16, 2002, the time he was arrested [in
> Union County.]   In order to show that the defendant possessed the black bag and
> the gun [on July 1, 2002, at the Edison Burger King,] the State was allowed to show
> that Ralph Baker was the man seen running by Officer Wittevrongel with the black
> head covering.   The teletype is significant because there are discrepancies in the
> physical description of the man from the July 16 and July 2 and this case; that a
> different car was used on July 2 from the one that the defendant has.   Further, that
> Mr. Baker was not identified as the source of the DNA when testing was done on
> the mask.   The defendant argues this clearly put into question that testimony that
> linked the defendant to the black bag and gun.   The Court finds this evidence to be
> material however, the question then becomes is it sufficient weight that it would
> probably alter the outcome of the verdict in a new trial.   The power of the newly
> discovered evidence to alter the verdict is the central issue.   This Court cannot find
> that it would.   It is important to note that this case did not involve a ski mask.
> That the State presented two eyewitnesses that identified Mr. Baker in Court.
> Additionally that one of the witnesses identified a photo of the defendant prior to
> trial.   The State also presented testimony of a witness who clearly described the

E.   Attempt To File An Appeal *Nunc Pro Tunc* From Denials Of New Trial Motions

Although Baker was represented by counsel in his new trial motions, counsel did not appeal either case.   Accordingly, Baker filed pro se motions "to proceed as indigent," "for free transcripts," "for assignment of counsel," "to file notice of appeal as within time," "for summary disposition," "for final remand," and "for further relief.   *See* Civ. No. 09-3710 (JAP), ECF No. 18-65.   The Appellate Division, *per* Judge Stern, denied those motions.   In short, Judge Stern dismissed the *pro se* appeal as untimely, but without prejudice to the filing of a proper motion to file an untimely appeal *nunc pro tunc*; Baker sent only an informal letter, which the clerk rejected; and there matters stood. Because Judge Stern's order is significant, and will bear on exhaustion issues, I reproduce it here:

> Defendant appealed from a judgment entered in Union County on indictment 02-10-1265.   A motion to remand was denied on October 12, 2006.   However, defendant was permitted to proceed on his DNA-related claims while the appeal was pending.   See M-6112-05 in A-3855-04T4 following the court's letter of August 23, 2006.   On October 12, 2006, we also dismissed defendant's appeal from a Middlesex County conviction (indictment 02-10-1239) without prejudice. See M-6113-05 in A-3867-05T4 and letter to counsel dated August 23, 2006.   The Union County appeal was decided on February 21, 2007.   Therein we affirmed defendant's convictions for the lesser-included offenses of theft and unlawful possession of a weapon, but reversed his conviction for having possessed a weapon as a convicted felon.   We remanded for further proceedings.
>
> Defendant has now filed two motions to proceed as an indigent, to file notice of appeal nunc pro tunc and for assignment of counsel.   One does not refer to any order, county or indictment number, and while defendant has filed a "certification" and supporting documents, it is not clear what he seeks to appeal.   We presume he seeks to reinstate the original appeal and appeal the denial of his application on

---

> gun used and that the information before the jury regarding the Union County arrest was very limited.   Looking at all of this evidence it is the Court's position the new evidence would not alter the outcome of the trial.

Civ. No. 09-3710 (JAP), ECF Nos. 1-2 at 13-14 & 18-9 at 3-4.

remand.   The second motion relates to the denial on September 12, 2007 of his motion for new trial in Union County apparently following the remand in October 2006.   It is not clear from the papers what happened with respect to the remand in the opinion of February 2007.   However, the Clerk has learned that the indictment for possession as a convicted felon (indictment 02-10-1264) was dismissed.   The dismissal thereof does not make the appeal on the remand on indictment 02-10-1265 timely.

The court understands that the Law Division denied defendant's new trial motion in Middlesex County by letter opinion dated August 22, 2007, but can find no conforming order.   The court does have an order denying his Union County motion entered on September 17, 2007.   The defendant's motions contain no certification in proper form concerning his efforts to appeal.   He does certify, but not in proper form, that he asked "the Public Defender" and William Welaj, Esq. (designated counsel in A-3855-04T4) to file an appeal in September and October 2007, but does not indicate that he made any request of David A. Ruhnke, Esq., the attorney who represented him in the remand proceedings in both counties.

The motion for leave to appeal as within time is denied, and the appeal is dismissed without prejudice to a motion for leave to appeal as within time accompanied by a certification indicating defendant's efforts to seek a timely appeal as to each matter he seeks to appeal.   See State v. Molina, 187 N.J. 531, 542 (2006).   We add, however, that as the Public Defender represented defendant in both A-3855-04T4 and A-3867-04T4 (Union 02-10-1265 and Middlesex 02-10-1239), he should be represented by that office as both matters involved remands for proceedings defendant now seeks to have reviewed, and the Middlesex County conviction was never reviewed.   A copy of this order shall be sent directly to Linda Biancardi, Assistant Public Defender, William Welaj, Esq., designated counsel in A-3855-04T4, and David Ruhnke, Esq., who represented defendant on the remand proceedings.

(ECF No. 18-2).

In response, Baker sent a letter to Judge Stern on May 30, 2008, stating that the Public

Defender refused to file the *nunc pro tunc* appeals in the Middlesex County and Union County

cases:

The Public Defender's office refuse[s] to Appeal two convictions (Middlesex, Union Counties), disregarding this Court's Opinion of March 17, 2008.   Because of the Public Interest in DNA testing, and DNA exonerations[,] Mr. David A. Ruhnke Esq. has no problem representing me on these appeals, the question being how will he be paid?   If this is not addressed immediately, I am being denied my

8

right to Appellate Counsel, Appellate Review, in the interest of justice, I believe
your involvement will be instrumental, and a service to the Public.

Civ. 09-3654, ECF No. 1-4 at 9.

The Clerk of the Appellate Division refused to file Baker's letter:

Your letter raises concerns relating to Judge Stern's March 17, 2008 order on
A-2457-07T4 and A-2458-07T4 motions M-3062-07 and M-3076-07.

The last paragraph of Judge Stern's order contemplates your being represented by
the Office of the Public Defender.

Your letter indicates you have not had a response from the Public Defender.
Your letter cannot be filed because the court does not act on the basis of mere
letters.   A formal motion would be needed.   If you want to try to pursue any type
of formal relief at the Appellate Division you would need to file a formal motion
complete with clear, comprehensive motion brief and appendix.   It is unknown
what relief, if any, might result.

There is no question however you should be actively communicating with the
Public Defender's Office to resolve this matter.   Accordingly your unfiled letter is
being forwarded to the office of the Public Defender for whatever action they deem
appropriate.   We urge you to contact the Office of the Public Defender, Appellate
Section . . . to pursue the subject.

Civ. No. 09-3654 (KM), Dkt. 1-4 at 12.

Baker did not file a *nunc pro tunc* motion as suggested by Judge Stern and the Appellate

Division clerk. Instead, on June 12, 2008, Baker filed a petition for certification of the March 17,

2008, Appellate Division order in the New Jersey Supreme Court.   *See* Civ. No. 09-3654, ECF

No. 22-10.   In that petition, Baker argued that Judge Stern erred in denying his *nunc pro tunc*

appeals in light of the DNA evidence.   He informed the New Jersey Supreme Court that he had

notified Judge Stern that the Public Defender had refused to respond to the order.   He asked the

New Jersey Supreme Court to reverse the March 17, 2008, order, to allow him to file a notice of

appeal *nunc pro tunc*, to continue the assignment of counsel on appeal, and to reverse the Law

9

Division's orders denying his motions for a new trial.   *Id.*   He also filed a motion in the New

Jersey Supreme Court to supplement the record with evidence of his character, income, and

employment as Executive Director of a non-profit child advocate organization.   (ECF No. 18-14.)

On October 20, 2008, the New Jersey Supreme Court denied certification.   *See State v. Baker*, 196

N.J. 592 (2008) (table).   On December 12, 2008, the New Jersey Supreme Court denied Baker's

motions for reconsideration and to supplement the record.   (ECF No. 1-4 at 63.)

F.   These § 2254 Habeas Petitions

On July 22, 2009, the clerk of this Court received Baker's original § 2254 habeas Petition

challenging the Union County judgment.   *See* Civ. No. 09-3654 (KM), Dkt. 1-2.   That original

Petition raised five grounds:   (1) denial of right to confront Amoco gas station attendant, who had

returned to Turkey and whose statement was admitted; (2) denial of counsel on direct appeal

pursuant to remand by Appellate Division on direct appeal; (3) denial of actual innocence after

DNA testing of ski mask used in theft implicated a third party; (4) denial of transcript of trial and

hearing on motion for new trial based on newly discovered evidence violated due process; (5)

illegal seizure of Baker for DNA on September 10, 2004, in violation of Fourth Amendment.

(ECF No. 1-2 at 10-13.)   Judge Wigenton dismissed the Petition without prejudice because it was

not on the form required by Local Civil Rule 81.2(a).   Judge Wigenton gave Baker time to file an

Amended Petition raising all federal claims.   Baker's timely Amended Petition   raised four

grounds:

> Ground One:   THE PETITIONER WAS DENIED PRESENTATION OF
> ACTUAL INNOCENCE TO THE UNION COUNTY PETIT JURY, OF NEWLY
> DISCOVERED DNA FINDING, IMPLICATING A THIRD PARTY.
>
> Ground Two:   DENIAL OF COUNSEL ON DIRECT REVIEW.

10

Ground Three:   KYLES-BRADY VIOLATION OF WITHHOLDING
EVIDENCE OF VIDEO OF PETITIONER, CREDIT CARDS, CORPORATE
CHECK BOOK, CELL PHONE.

Ground Four:   PETITIONER WAS DENIED THE RIGHT TO CONFRONT
WITNESSES AGAINST HIM, THE GAS STATION ATTENDANT NEVER
APPEARED FOR ANY COURT HEARINGS, AND FAILED TO APPEAL FOR
TRIAL, HIS STATEMENT WAS USED.

(Dkt. 6 at 5-10.)

Judge Wigenton ordered the State to file an answer which was to include the issues of

exhaustion and a stay.   (ECF No. 8.)   The Union County Prosecutor filed an Answer, arguing that

the Petition is time barred, that all claims are unexhausted, and that Baker is not entitled to relief on

the merits.   (ECF No. 17.)   Because the Answer did not address the stay issue and the record was

not complete, Judge Wigenton ordered Union County to file a supplemental answer and

supplemental record.   (ECF No. 24.)   Union County filed a Supplemental Answer (1) arguing

that a stay should be denied because the Amended Petition is time barred and Baker has not shown

good cause for failing to exhaust; (2) stating that Baker has not appealed the September 17, 2007

Union County order denying his motion for a new trial; and (3) advising this Court that the

prosecutor was not able to obtain the transcript of the decision to deny the motion for a new trial

because "the court reporter was unable to locate any recorded proceedings for either September 17

or 12, 2007."   Civ. No. 09-3654 (KM), ECF No. 26. The case was subsequently reassigned from

Judge Wigenton to me.

On July 22, 2009, the clerk of this Court received § 2254 habeas Petition challenging the

Middlesex County judgment.   *See* Civ. No. 09-3710 (JAP).   Judge Pisano, like Judge Wigenton,

dismissed the first § 2254 Petition without prejudice to the filing of an amended petition on the §

11

2254 form provided by the Clerk, as required by Local Civil Rule 81.2.   Baker's Amended

Petition challenging the Middlesex County life sentence raises four grounds:

> Ground One:   THE PETITIONER WAS DENIED PRESENTATION OF
> ACTUAL INNOCENCE OF NEWLY DISCOVERED DNA FINDING,
> IMPLICATING A THIRD PARTY.
>
> Supporting Facts:   The State conducted a DNA Test, pursuant to a third robbery in
> Somerset County, where the each count subsequently utilized a black cloth ski
> mask, which was also used in this case, as other crime evidence.   This DNA test
> was conducted by the New Jersey State Police.   The evidence indicates that [a
> third party] was the sole source of the DNA, discovered within the ski mask,
> utilized in this case.   [The third party] was arrested on April 17, 2003, almost one
> year after Petitioner's arrest on July 16, 2002.   There was a black ski face mask
> discovered in Hudson County [where this person was arrested].   Both ski mask[s]
> reflect one identifiable DNA that of [the third party], and not Petitioner.
>
> Ground Two:   DENIAL OF COUNSEL ON DIRECT REVIEW.
>
> Supporting Facts:   On 3/25/06 Appeal was taken by the Public Defender, but no
> counsel was assign[ed], but transcripts were ordered.   Appeal dismissed by the
> Appellate Division, case was remanded back to the trial court, and the Appellate
> Division ordered the Public Defender to re-instate appeal, if the remand was
> unsuccessful.   Remand was unsuccessful, but the trial court determined that the
> DNA did not come from Petitioner, but from a separate source, named in the
> information, presented by Counsel to be [a third party].   The Office of Public
> Defender refused to reinstate the appeal.   Petitioner then was forced to re-instate
> appeal Pro Se.   The Appellate Div. dismissed appeal, and refused to order the
> Public Defender to Appeal.
>
> Ground Three:   KYLES-BRADY VIOLATION OF WITHHOLDING
> EVIDENCE OF VIDEO OF PETITIONER, CREDIT CARDS, CORPORATE
> CHECK BOOK, CELL PHONE.
>
> Supporting Facts:   Upon my arrest on July 16, 2002, the Police never turned over
> the videotape, of my program, my credit cards, corporate check book and cell
> phone.   When asked about the Cell Phone the arresting officer said "cell phone"
> what cell phone.   But the County jail receipt list I had a cell phone in my
> possession.   This person never searched my vehicle as stated or he would have
> noted these items in his report.   This goes to the heart of substantial proofs, within
> my possession at the time of my arrest.   The State presented the Black bag, the ski
> mask, and nine millimeter handgun.

Ground Four:   THE PETITIONER WAS DENIED THE RIGHT TO PRESENT
WITNESSES IN HIS DEFENSE.

Supporting Facts:   On April 4, 2005 Sharon Berry-Baker and Donald Saunders
arrived at the Middlesex Courthouse to testify on behalf of Petitioner.   The Court
rejected both character witnesses and Alibi witnesses leaving Petitioner without
any defense.   And refused to accept Petitioner's taxes for his employment, when
the Prosecutor gave the same in reserve discovery.   These Taxes were used in the
Union County trial.   And the taxes from 2002 were presented to the State.   While
the State was allowed to present Elizabeth Torok some three years after the crime
was committed.

Civ. No. 09-3710 (JAP), Dkt. 10 at 5-10.

Middlesex County filed an Answer arguing that the Petition is untimely, the grounds are

unexhausted and procedurally defaulted, Petitioner is not entitled to a stay, and he is not entitled to

habeas relief on the merits.   Baker filed a Reply, as well as several motions for an evidentiary

hearing, appointment of counsel and discovery, which Judge Pisano denied without prejudice.


## II.   DISCUSSION

A.   <u>Consolidation</u>

Baker has moved in this action, Civil No. 09-3654 (KM), to consolidate the two § 2254

federal habeas petitions that challenge his Union County and Middlesex County convictions.

Baker filed a similar motion to consolidate in Civil No. 09-3719 (JAP).   On November 28, 2012,

Judge Pisano denied that consolidation motion without prejudice.   Judge Pisano reasoned that,

under the local rules, a motion to consolidate "shall be filed in the case bearing the earliest docket

number [and] shall be adjudicated by the Judge to whom that case is assigned."   Local Civ. R.

42.1.   Baker has filed his motion to consolidate in this, the earlier-filed case, and I am considering

it here. The State has not filed any opposition to Baker's motion to consolidate as such, although of course it contends that Baker's contentions in both cases should be rejected on the merits.

Rule 42(a) of the Federal Rules of Civil Procedure provides that, if actions "involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue" or consolidate the actions.   Fed. R. Civ. P. 42(a).   Rule 42 does not "require[] that pending suits be identical before they can be consolidated.   Rather, in deciding whether to consolidate actions under Rule 42(a), the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003).   "In the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate."   Id.

Here, the prerequisite for consolidation is satisfied, as the § 2254 cases share common questions of law and fact. They involve robberies committed almost contemporaneously. Evidence of the Union County robbery was admitted in the Middlesex County trial, presumably as 404(b) evidence. Three of the four grounds presented in the amended petitions are substantially identical. (*See* listing of issues, pp. 10-12, *supra*.) The facts underlying the DNA testing issue are common to both petitions (although the harmless-error issue, for example, might play out differently in the context of the two cases). Baker's assertions that he was denied counsel on appeal and that the orders denying a new trial denied due process by denying him the opportunity to present his actual innocence claim present similar, if not identical, issues.

14

The two motions for a new trial raised similar issues, and they were both denied. The Appellate Division and the New Jersey Supreme Court never heard an direct appeal from either denial of the new trial motion, because counsel allegedly failed to file such an appeal. In both cases (although the record is not crystal clear), it seems that Baker tried to appeal pro se. By order dated March 17, 2008, Judge Stern dismissed the pro se appeals as untimely, but without prejudice to the filing of a proper motion to file an appeal *nunc pro tunc*.  Baker seemingly did not file such a proper motion.   As a result, both cases may present the same or similar exhaustion issues.

Consolidation will reduce the risk of prejudice, possible confusion and inconsistent adjudications, will support efficiency, and will reduce expenses, without imposing any significant additional burden on the State.   Consolidation will "streamline and economize . . . proceedings so as to avoid duplication of effort, and [] prevent conflicting outcomes in cases involving similar legal and factual issues."  *In re TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999) (citations and internal quotation marks omitted).

The motion to consolidate these two cases, *Baker v. Ricci*, Civ. No. 09-3654 (KM), and *Baker v. Ricci*, Civ. No. 09-3710 (JAP), is granted. They will be heard under the earlier docket number, which is assigned to me. Petitioner and counsel are cautioned that some care will be required to specify the particular conviction to which an argument is directed; although the cases are consolidated, the two convictions of course will still be analyzed separately.

I will soon rule, on a consolidated basis, with respect to issues raised by the Petitions and the State's Answers relating to timeliness, exhaustion of state remedies, and the appropriateness of a stay.

### III.   CONCLUSION

Based on the foregoing, this Court will deny the motion seeking to change jurisdiction and venue, and will grant the motion to consolidate the two actions.

**KEVIN MCNULTY**
**United States District Judge**

Dated: June 28, 2013